UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 11-81785 |
| | ) | |
| Jerome M. Davis, | ) | Chapter 13 |
| | ) | |
| *Debtor* | ) | |
| -------------------------------- | ) | |
| CitiMortgage, Inc., | ) | Adversary No. 19-96022 |
| *Plaintiff* | ) | |
| v. | ) | Judge Thomas M. Lynch |
| Jerome M. Davis, | ) | |
| Lynne-Ternior Davis, | ) | |
| and Unknown Owners and Non-Record | ) | |
| Claimants, | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION

Jerome Davis and Lynne-Ternoir Davis have removed a foreclosure action pending in state court to this court by notice under 28 U.S.C. § 1452.[1] The plaintiff in that action, CitiMortgage, Inc. ("CMI"), moves to remand that case, arguing that this court lacks federal question jurisdiction over the action pending in McHenry County, Illinois. (ECF No. 9.) For the reasons stated below, the court finds that it lacks subject matter jurisdiction and must remand the foreclosure action back to the state court pursuant to 28 U.S.C. § 1447(c).[2]

---

[1] The foreclosure action was filed by CitiMortgage, Inc. against Jerome M. Davis, Lynne Ternoir-Davis, and unknown owners and non-record claimaints in the Circuit Court of the Twenty-Second Judicial Circuit, McHenry County, Illinois (Case No. 19CH00326).

[2] Because this court lacks jurisdiction over this case, the Defendants' motion to strike fictitious defendants named in the foreclosure complaint (ECF No. 5) is denied without prejudice to refiling in state court.

## Procedural History

This case has a lengthy procedural history that has been detailed by the court numerous times in its prior decisions.[3] For purposes of this decision, only a brief summary is necessary. On April 20, 2011, Jerome Davis filed his bankruptcy petition under chapter 7, which he later converted to chapter 13. On October 10, 2011, CMI filed its Proof of Claim to assert a debt in the amount of $478,238.90 secured by a mortgage on the Debtor's residence at 9024 McIntosh Court, Lakewood, Illinois, the property at issue in the state foreclosure action. Mr. Davis' bankruptcy case closed more than a year ago, on April 13, 2018. Lynne-Ternoir Davis was not a co-debtor in that case.

Over the years, Mr. Davis has raised various challenges to CMI's claim, many of which stem from the fact that the original mortgagee was ABN Amro Mortgage Group, Inc., not CMI. *See, e.g.*, Debtor's Complaint to Determine (Adversary Case No. 11-96223, ECF No. 1) (arguing that "Citi cannot establish that it holds an interest in the Property"); Complaint for A Declaratory Judgment (Adversary Case No. 14-96129, ECF No. 1) (seeking a "declaratory judgment that Citi does not have any legally cognizable interest in the Property and it is, therefore, barred from taking any action to collect on the indebtedness secured by it"). Nevertheless, pursuant to the terms of an Agreed Order Conditioning the Automatic Stay (Bankruptcy Case No. 11-81785, ECF No. 127) and the Special Terms of the Debtor's Modified Chapter 13 Plan (*id.*, ECF No. 134), Mr. Davis agreed to "make monthly payments to ABN Amro Mortgage Group/CitiMortgage, Inc. in the contract amount of $2,702.65" and to "pay the pre-petition and post-petition arrears in installments over the term of the Chapter 13 Plan." So long as Mr. Davis made these agreed payments, the automatic stay would

---

[3] See Bankruptcy Case No. 11-96223, Order dated July 10, 2015 (ECF No. 227); Order dated June 21, 2017 (ECF No. 251); Adversary Case No. 14-96129, Order dated March 30, 2017 (ECF No. 72); Order dated August 17, 2017 (ECF No. 110); Mem. Op. dated January 25, 2018 (ECF No. 137); Mem. Op. dated March 30, 2018 (ECF No. 149); Order dated July 25, 2018 (ECF No. 161); Order dated November 2, 2018 (ECF No. 187); and Mem. Op. dated May 10, 2019 (ECF No. 248).

remain in effect under the terms of the Agreed Order. However, if Mr. Davis failed to make the agreed-to payments or timely cure a default, the automatic stay would lift without further order of the court to allow CMI to proceed with foreclosure on the McIntosh Court property.

The Debtor's chapter 13 plan proposed to treat the "secured claim in the amount of $478,238.90" of "ABN Amro Mortgage Group CitiMortgage, Inc." secured by the mortgage on the McIntosh Court property by curing a "pre-petition arrearage of $78,640.90" and a "post-petition arrearage of $23,402.24" through specified payments over time which were to continue beyond the five-year term of the plan.[4] (Bankruptcy Case No. 11-81785, ECF No. 134.) The plan was confirmed by this court on February 13, 2012, with the amended confirmation order entered on February 29, 2012. Because neither the confirmation order, as amended, nor the confirmed plan provided otherwise, the property of the estate vested in the Debtor upon confirmation by operation of 11 U.S.C. § 1327(b).

On May 13, 2014, CMI filed a notice under the Agreed Order stating that Mr. Davis was in default on multiple payments. (ECF No. 183.) After Mr. Davis failed to cure, CMI filed a notice of modification of the stay on May 29, 2014 after which CMI could proceed to foreclose on the McIntosh Court property. (ECF No. 187.) In the same filing CMI withdrew its Proof of Claim. (*Id.*)

On March 30, 2018, after completion of his bankruptcy plan, Mr. Davis obtained a discharge of debts under § 1328(a). However, because the confirmed plan provided for the cure and maintenance of CMI's claim as a long-term debt, that claim is not subject to discharge. *See* 11 U.S.C. § 1328(a)(1) (excepting from discharge any claim "provided for under

---

[4] As permitted by section 1322(b): "[s]ubject to subsections (a) and (c) of this section, the plan may – ... (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment is due." 11 U.S.C. § 1322(b)(5).

section 1322(b)(5)"). As this court has explained in a number of its rulings in Mr. Davis' bankruptcy case and his last adversary proceeding, the debt owed to CMI is not subject to discharge. For example, after stating that "long-term debts cured and maintained through a plan but which extend beyond the term of the plan are not subject to discharge, 11 U.S.C. § 1328(a)(1)," this court ruled on June 21, 2016 that "the debt owed CitiMortgage appears to be such a debt that is not . . . subject to discharge." Mem. Op. at 9 (Bankruptcy Case No. 11-81785, ECF No. 251.) "By withdrawing its proof of claim in favor of the stay relief and foreclosure remedies, CitiMortgage is no longer entitled to payment through the Plan. . . . Under these circumstances, whether or not the Debtor is obligated to CitiMortgage . . . is not relevant to the Debtor's receipt of a Chapter 13 discharge." *Id.* at 11-12. The court also reminded Mr. Davis and CMI about this several times during the last adversary case. *See* Mem. Op. dated January 25, 2018 at 2 (Adversary Case No. 14-96129, ECF No. 137) (explaining that "[CMI]'s claim was not subject to discharge – either because it was a long-term debt provided for under Section 1322(b)(5) of the Bankruptcy Code or in the alternative was a debt not provided for by the confirmed Chapter 13 plan"); Mem. Op. dated May 10, 2019 at 14 (ECF No. 247) ("To the extent that CitiMortgage, Inc.'s claim was treated by the plan, such claim is non-dischargeable as a cured long-term debt. 11 U.S.C. § 1328(a)(1). To the extent that the withdrawal of CMI's claim caused the claim to not be 'provided for by the plan,' then on that account it is not subject to the discharge. 11 U.S.C. § 1328(a). Either way, the Debtor's discharge is not implicated.")

More than five months ago this court dismissed Mr. Davis' remaining adversary action, Case No. 14-96129, on abstention grounds. In its decision, the court took particular note that "the house is no longer property of the estate, the debt—if valid—is not subject to discharge, the alleged debt and mortgage are not being treated under the Debtor's bankruptcy plan and that plan has now completed." Mem. Op. dated May 10, 2019, at 1 (ECF

No. 247.) The court further noted that "[t]he underlying bankruptcy case has closed and the complaint asserts no rights under bankruptcy law." *Id.* Under those circumstances, the court concluded, it should "relinquish jurisdiction over this now purely two-party dispute and . . . leave the parties to pursue their respective rights in a forum with proper jurisdiction." *Id.* at 1-2. Following that decision, CMI filed the instant foreclosure action in state court. Mr. and Ms. Davis subsequently filed their notice of removal, thereby removing the case to this court.

CMI now seeks a remand to the state court, arguing, among other things, that this court lacks jurisdiction over its foreclosure action. Mr. Davis appeared at the initial hearing on the motion on October 21, 2019, to argue that the matter is not a core proceeding and should be heard by the district court. In doing so he stated an intention to move for withdrawal of the reference from this court. Noting that Fed. R. Bankr. P. 5011(c) explicitly provides that the "filing" of a motion for withdrawal of a bankruptcy case to a district judge does not stay the administration of the case or proceeding before the bankruptcy judge, the court declined his request that this court not hear whether it has jurisdiction over the removed matter. At the hearing both parties acknowledged that the only action pending between them consisted of the foreclosure complaint. Mr. Davis admitted that he did not base his notice of removal on diversity grounds but declined to address at the hearing whether federal question jurisdiction is presented in the state foreclosure complaint, claiming he was not prepared to do so. The court denied Mr. Davis' oral motion to stay these proceedings under rule 5011(c), but instead granted Mr. and Ms. Davis leave to respond in writing to CMI's motion by October 25, 2019. Order dated October 21, 2019 (Adversary Case No. 19-96022, ECF No. 16.)

Mr. and Ms. Davis did not file a response to the motion to remand. Instead, on October 25, Mr. Davis filed a motion and supporting memorandum for the withdrawal of the reference of the adversary proceeding to the district court. (ECF Nos. 18, 20.) In those papers Mr.

Davis argues, among other things, that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d) because "resolution of the Adversary Proceeding requires substantial and material consideration of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692, et seq." As the court previously noted during the October 21 hearing, withdrawal of the reference is a matter for the district court to decide. *See* 11 U.S.C. §157(d) and Fed. R. Bankr. P. 5011(a). Therefore, the court expresses no opinion on that matter. On the same date, Mr. Davis also filed a motion to stay proceedings pursuant to Fed. R. Bankr. P. 5011. The court has denied that motion for the reasons stated in a separate order entered today. In any event, neither of these filings constitute a response to CMI's motion to remand.

## Discussion

With certain exceptions not applicable here, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Although the statute refers to the district court, the district court may provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The United States District Court for the Northern District of Illinois has done so through its Internal Operating Procedure 15(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).[5] "The party seeking removal bears the burden of establishing federal jurisdiction." *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018). "An order

---

[5] The court can also remand a "claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). In this case, because the court has determined that it lacks subject matter jurisdiction, the court does not reach this provision.

remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

In his notice of removal, Mr. Davis – who is an attorney representing himself and Ms. Davis in this matter – asserts that "[r]emoval is proper under 28 U.S.C. §§ 1331 and 1452 because Jerome M. Davis is seeking to enforce the discharge he received under his chapter 13 Bankruptcy Plan in Case No. 11-81785 (closed)."[6] (Adversary Case No. 19-96022, ECF No. 1 at 2.) Mr. Davis also asserts that he is "seeking to hold Citi in contempt for willfully, intentionally violating the permanent injunction codified by Section 524(a)(2)." (*Id.*) In response, CMI moves to remand, arguing, in relevant part, that the "foreclosure complaint does not implicate any federal question concerns and this Court thus lacks jurisdiction as a matter of law." Motion to Remand at 2 (ECF No. 9).

Under the "well-pleaded complaint" rule recognized by the Seventh Circuit, a defendant "cannot remove a case to federal court unless the plaintiff's complaint demonstrates that the plaintiff's case arises under federal law." *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "[T]he existence of a federal defense normally does not create statutory 'arising under' jurisdiction." *Id.* (noting a limited exception where "a federal statute wholly displaces the state-law cause of action through complete preemption"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense."). The well-pleaded complaint rule has been applied to removal of claims related to bankruptcy cases. *See, e.g., In re Conseco,*

---

[6] As discussed in the preceding section discussing the procedural background for this motion, Mr. Davis does not assert diversity jurisdiction, 28 U.S.C. § 1332, as a basis for his notice of removal. When questioned directly about this potential basis by the court, Mr. Davis affirmatively stated that he was not proceeding under diversity jurisdiction.

*Inc.*, 318 B.R. 425, 431 (Bankr. N.D. Ill. 2004) ("The court concludes that the well-pleaded complaint rule should be applied in determining whether it has jurisdiction under § 1334."); *Yangming Marine Transp. Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 370 (N.D. Ill. 1987) ("There is no bankruptcy exception to the well-pleaded complaint rule.").

In this case, defendants have not shown any federal question that was raised on the face of CMI's well-pleaded complaint for foreclosure. *See Betzner*, 910 F.3d at 1014 (burden to do so on removing party). During the hearing held on October 21, 2019, the court specifically inquired of Mr. Davis what basis he asserted for federal question jurisdiction, and he was unable to provide any cogent response. Mr. Davis indicated, with no authority to support his position, that he should not be required to identify the federal question raised in the complaint without an opportunity to first file a written response brief to CMI's motion to remand. Although Mr. Davis' inability to identify the basis for his notice of removal was troubling, the court allowed him an opportunity to file a written response as he requested. The court instructed Mr. Davis that, in his response, he either point to the portion of the complaint that provides a basis for federal question jurisdiction or, as an officer of the court, indicate that there was no such basis. Mr. Davis did neither, as he did not file a response to the motion to remand within the time allotted by the court. Accordingly, the court concludes that defendants have failed to meet their burden of establishing federal question jurisdiction over this foreclosure action.

In doing so, the court recognizes that defendants' argument concerning a violation of the discharge injunction set forth in § 524(a) does raise a bankruptcy-related question. However, that argument does not appear on the face of the complaint and would, at best, be considered a defense to the foreclosure proceeding. But a defense based on federal law does not provide the basis for federal question jurisdiction on removal. *See Studer*, 867 F.3d at 723. Likewise, in his notice of removal and at the October 21 hearing Mr. Davis discussed

an anticipated claim he may pursue under the Fair Debt Collection Practices Act ("FDCPA"), but this claim was never filed in state court and does not provide a basis for federal question jurisdiction on removal.[7] *See id.*

In its motion to remand, CMI also argues that this court should award attorney fees and costs under § 1447(c) "because Defendants' removal was objectively unreasonable." The court has carefully considered this request and finds it to be appropriate under the circumstances.

A court may award fees under § 1447(c) where "the removing party lacked an 'objectively reasonable basis' for seeking removal." *Jackson Cty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "Sanctions may be awarded when removal is clearly improper but not necessarily frivolous." *Id.* (citation omitted); *see also Martin*, 546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."). In this case, as discussed above, Mr. Davis had no basis to assert federal question jurisdiction at the time he filed the notice of removal, and he has been unable to come up with any basis for this court's jurisdiction despite being given the opportunity to respond to the motion to remand. Furthermore, although the court lacks subject matter jurisdiction and therefore cannot reach the merits on this issue, defendants have not adequately explained how they have an objectively reasonable basis for alleging

---

[7] Mr. Davis recently filed a complaint in the Northern District of Illinois alleging violations of the FDCPA, among other things. (*See* Case No. 19-cv-50277.) Ms. Davis did not join him in that pleading. This filing demonstrates that Mr. Davis does not need to resort to an unfounded notice of removal in order to get his FDCPA claim heard by the district court.

that CMI violated the discharge injunction after this court has held, on numerous occasions, that the debt owed to CMI is not subject to discharge in Mr. Davis' now-closed bankruptcy case. Under these circumstances, the court exercises its discretion and finds that an award of attorneys' fees and costs to CMI is appropriate.

## Conclusion

For all these reasons, the court concludes that it lacks subject matter jurisdiction over the foreclosure case and will order, pursuant to 28 U.S.C. § 1447(c), that it be remanded to state court.[8] The court also will order pursuant to § 1447(c) that defendants pay CMI's costs and actual expenses, including reasonable attorney fees, incurred as a direct result of the removal. CMI is directed to file a bill of costs within seven days of the order accompanying this decision, in which it shall list what fees and costs have been incurred in this proceeding and attach supporting documentation to justify those costs. Mr. and Ms. Davis may file a response within 7 days of CMI's submission.

DATE: October 28, 2019

ENTER:

Thomas M. Lynch
United States Bankruptcy Judge

---

[8] An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). A certified copy of the order of remand shall be mailed by the clerk to the clerk of the state court. 28 U.S.C. § 1447(c). The state court may thereupon proceed with the foreclosure case. *Id.*